FILED Page 1 of 4

2007 MAR 16 PM 5:06

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

LEONARD EUGENE MALONE

Case Number: 6:01-CR-44-ORL-28DAB

USM Number: 24497-018

Clarence W. Counts, Jr., FPD
Regions Bank Bldg.
201 South Orange Avenue, Suite 300
Orlando, Florida  32801

## JUDGMENT IN A CRIMINAL CASE
### For Revocation of Supervised Release

The defendant was found in violation of charge numbers One, Two, Three of the term of supervision. The defendant is adjudicated guilty of these violation charge numbers:

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| One | Failure to make restitution/special assessment | December 12, 2006 |
| Two | Failure to complete Community Service | May 17, 2006 |
| Three | Obtained New Credit/Loan without Approval | May 5, 2006 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

3/14/2007

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

March /6 ,2007

AO 245B (Rev. 6/05) Judgment in a Criminal Case

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **12 Months**.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

AO 245B (Rev. 6/05) Judgment in a Criminal Case

LEONARD EUGENE MALONE  
6:01-CR-44-ORL-28DAB

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are Waived, however, the Court authorizes random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

AO 245B (Rev. 6/05) Judgment in a Criminal Case

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| No Special Assessment Imposed | No Fine Ordered | $43,341.50 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| SunTrust<br>2290 Premier Row<br>Orlando, Florida  32809<br>Attn: Dave Hebner<br>Florida-Orlando-611 | | $43,341.50 | |

## SCHEDULE OF PAYMENTS

While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of his monthly earnings if the defendant has a Unicor job. Upon release from imprisonment the defendant shall begin making payments of $150.00 per month, and this payment schedule shall continue unless the victim, the government, or the defendant, notifies the Court of a material change in the defendant's ability to pay and the Court modifies the schedule.

AO 245B (Rev. 6/05) Judgment in a Criminal Case